IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00161 HG |
| | ) | |
| Plaintiff, | ) | DECLARATION |
| | ) | |
| vs. | ) | |
| | ) | |
| JAY PADAYAO, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DECLARATION

I, RICHARD S. KAWANA, hereby declare as follows:

1. I am the court-appointed attorney pursuant to the CJA for Defendant JAY PADAYAO, in the above-captioned cause, have reviewed the files and records of this case, discussed the matters herein with defendant and his family, and state the following:

2. Trial herein is scheduled for March 14, 2006;

3. Defendant is currently being held without bail pursuant to an order granting the government's motion to detain defendant without bail, filed on July 11, 2005;

4. On January 11, 2006, defendant filed his first motion for reconsideration of detention order, that was heard by this court, by the Honorable Leslie E. Kobayashi, United States Magistrate Judge;

5. At the conclusion of the hearing, the court denied the motion without prejudice as to devising a new plan that would include a residential drug treatment program;

6. Since the hearing, defendant has applied for admission to the Salvation Army Adult Rehabilitation Center residential drug treatment program, and declarant has been advised by Fred Deisser, Intake Coordinator of the program, that defendant has been accepted for the six-month residential drug treatment program and that bed space is available immediately should the court reconsider its detention order;

8. On information and belief, defendant has been substance abuse free since his detention, has attended and completed a Living Free drug abuse and prevention class, as well as Bible study courses for which he has received 12 certificates of completion;

9. Defendant has further debriefed with the government and has indicated his intent to cooperate fully with the government;

10. On information and belief, Defendant's grandparents, Louise and Charles Apuna, are willing to assume third-party custodianship of Defendant, provide him with housing in a separate bedroom at their apartment in Pearl City as well as subsistence, and provide 24-hour supervision after he completes the residential drug treatment program;

11. On information and belief, Defendant's parents Charlene and John Padayao, who work full-time, are willing to provide secondary and backup third-party custodianship of Defendant, after he completes the residential drug treatment program, when they are not working;

12. On information and belief, Defendant's uncle, Benjamin Apuna, will assist Defendant with assistance in seeking financial aid for full-time training to obtain a commercial truck driver's license (CDL) through the Oahu Worklinks and/or other

similar programs; such training programs require drug testing and have a duration of approximately 8 weeks;

13. Declarant has been further advised by Benjamin Apuna, who is the General Sales Manager for Cutter Dodge, that upon completion of Defendant's training, Mr. Apuna will be able to obtain employment for Defendant through Mr. Apuna's business contacts, and Mr. Apuna will hire Defendant as a truck driver when Mr. Apuna's own concrete trucking company is up and running by June 2006;

14. Mr. Apuna has further advised declarant that Defendant would be paid as a commercial truck driver a minimum wage of $25.00 per hour, and would not be a burden upon his family or the state;

15. Defendant is willing to comply with the Rules of the Salvation Army ARC residential drug treatment program and the terms of supervised release that may be imposed upon him by the Court;

16. Because Defendant will be subject to 24-hour supervision, training, work therapy, drug treatment education and treatment, while in the residential drug treatment program and will thereafter be involved in full-time training and then will be gainfully employed on a full-time basis, and because Defendant has already demonstrated his cooperation with the government, it is respectfully submitted that the plan for residential drug treatment, 24-hour supervision, training, and gainful employment set forth above, along with the usual conditions of supervised release that may be imposed by the Court, will constitute a condition or combination of conditions of release that will reasonably

assure the safety of the community and the Defendant's appearance for all court proceedings;

17. In addition, Defendant's pretrial release will allow Defendant to assist meaningfully in the investigation and preparation of a defense and/or sentencing should Defendant negotiate and enter a plea;

18. Wherefore, it is respectfully submitted that good cause exists to grant this motion.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: Honolulu, Hawaii, January 25, 2006.

_____
RICHARD S. KAWANA