EDWARD H. KUBO, JR. # 2499
United States Attorney
District of Hawaii

MARSHALL SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Email: Marshall.Silverberg@usdoj.gov
Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00161 HG |
| | ) | |
| Plaintiff, | ) | THE GOVERNMENT'S MEMORANDUM OF |
| | ) | OPPOSITION TO THE DEFENDANT'S |
| vs. | ) | SECOND MOTION FOR |
| | ) | RECONSIDERATION OF DETENTION |
| JAY PADAYAO, | ) | ORDER; EXHIBIT 1 |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THE GOVERNMENT'S MEMORANDUM OF OPPOSITION TO THE
DEFENDANT'S SECOND MOTION FOR RECONSIDERATION
OF THE DETENTION ORDER**

On January 26, 2006, the defendant Jay Padayao filed a second motion for reconsideration of the Court's Order granting the government's motion to detain the defendant. The government opposes the motion for the following reasons.

This case has been pending since June 13, 2005. The defendant, who qualifies as an Armed Career Criminal subject to the mandatory minimum sentence of 15 years pursuant to 18 U.S.C. § 924(e), has been detained since June 13, 2005, as both a flight risk and a danger to the community. Notably, he has four

convictions for escape and at the time he allegedly committed the instant offense on February 18, 2005, he possessed a semiautomatic pistol.  He was caught only because he attempted to purchase an ammunition clip for that gun.  The defendant clearly knew he was not lawfully allowed to purchase that gun -- he fled the gun store as soon as the proprietor called the police to check on whether the gun was registered or stolen.  (See the defendant's statement attached hereto as Exhibit 1).

On December 12, 2005, the parties appeared before Judge Gillmor pursuant to Mr. Kawana's motion to continue trial.  The Court granted the motion with the clear understanding that the defendant was either going to proceed to trial on March 14, 2006, or he was going to plead guilty earlier.  Now, for the first time, the defendant wants to be released for a six-month residential drug treatment program.  Such action obviously will postpone the scheduled trial date and will be contrary to Judge Gillmor's wishes as expressed during the December 12, 2005 hearing.

If the defendant pleads guilty, as Mr. Kawana has assured the Court and government counsel, then the defendant will likely be eligible for the 500 hour drug treatment program in prison.  In that manner, he will receive the same kind of drug treatment that he is now requesting.

On the other hand, if the defendant does not intend to plead guilty, then he should be held in custody for the upcoming trial.  The defendant remains a flight risk and a danger to the community.  He has never explained why he was in possession of that semiautomatic handgun despite his multiple felony convictions, he has never explained why he was trying to purchase an ammunition clip for that handgun, and, he has refused to plead guilty thus far despite the government's repeated requests that a change of plea be scheduled if he truly intends to plead guilty.

In addition, according to the defendant's own statement, he used to sell one ounce of crystal methamphetamine per day.  See Exh. 1 at ¶ 3(G).  Also, he traveled to Los Angeles and brought back one pound of crystal methamphetamine.  Further, he and another individual stole crystal methamphetamine and money from another drug dealer by threatening him with a loaded gun.

The defendant's statement also makes it clear he is a flight risk.  He stated that he was a fugitive from 1999 to 2002.  See Exh. 1 at ¶ 3(E).

As far as the government is concerned, the defendant is **not** cooperating with us and he is just stalling in an effort to try and be released from custody.  That conclusion is apparent from Mr. Kawana's declaration.  Despite informing the court during the last hearing that the defendant intends to plead guilty and cooperate with the government, in paragraph 17 of his

declaration, Mr. Kawana raises the possibility that the defendant will proceed to trial: "Defendant's pretrial release will allow Defendant to assist meaningfully in the investigation and preparation of a defense. . . ."  Kawana Decl. at ¶ 17.

        Obviously, we cannot know with certainty that the defendant intends to flee or otherwise harm someone if he were released on bail, but if past conduct is the best predictor of future behavior, the defendant is a known flight risk and a known danger to the community.  He is a drug dealer; he has committed armed assault; and he has attempted to purchase an ammunition clip despite clearly knowing that he is not allowed to possess a firearm.  Based upon that track record, and the fact that he is now facing a mandatory minimum 15-year sentence, we respectfully request that the defendant's motion be denied.

        Dated: January 27, 2006, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii

        By /s/ Marshall H. Silverberg
          MARSHALL H. SILVERBERG
          Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

Served by fax:

>RICHARD S. KAWANA, ESQ.
>810 Richards Street
>Suite 851
>Honolulu, Hawaii 96813
>
>Attorney for Defendant
>Jay Padayao

DATED:  January 27, 2006, at Honolulu, Hawaii.

<u>/s/ Cheri Abing</u>