IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,     )   CR. NO. 05-00161 HG
                              )
          Plaintiff,          )   DECLARATION OF MARSHALL
                              )   SILVERBERG
     vs.                      )
                              )
JAY PADAYAO,                  )
                              )
          Defendant.          )
_____)
```

DECLARATION OF MARSHALL SILVERBERG

I, MARSHALL SILVERBERG, declare as follows:

1. I am an Assistant U.S. Attorney for the District of Hawaii. I represent the United States in the captioned matter.

2. The Presentence Report correctly calculates the defendant's sentence based upon the Ninth Circuit's very recent decision in *United States v. Piccolo*, 441 F.3d 1084 (9th Cir. 2006) (holding that escapes without violence are not "crimes of violence"). The United States, however, has filed a Petition for Rehearing in that case because it is contrary to every other circuit court that has considered the issue. The Petition for Rehearing is attached hereto as Exhibit 1.

3. The United States has requested that the defendant's sentencing in this case be continued because the issue of whether escapes are "crimes of violence" or "violent felonies" (which have the same definition) have a dramatic impact on the defendant's sentencing range. If escapes are "violent felonies," as every circuit court besides the Ninth Circuit which

has considered the issue has held, then the defendant in this case is an "Armed Career Criminal" subject to the statutory mandatory minimum sentence of 15 years (i.e., 180 months).  In contrast, as things now stand in the Presentence Report (in which the defendant's two escape convictions are not treated as violent felonies), the defendant's sentencing range is only 77 to 96 months, or about half the sentence he would face but for *Piccolo*.

      4.  Therefore, given the importance of the issue in this case, and the fact that the defendant is not going to suffer any prejudice because he will be in custody and receiving credit towards his ultimate sentence, the government respectfully requests that the motion be granted and the defendant's sentence continued.

      I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

      Dated: July 12, 2006, at Honolulu, Hawaii.

/s/ Marshall Silverberg
MARSHALL SILVERBERG