IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

```
UNITED STATES OF AMERICA,     )   Crim. No. 05-00161 HG-01
                              )   Civ. No. 16-cv-00223 HG-KSC
                              )
              Plaintiff,      )
                              )
         vs.                  )
                              )
JAY PADAYAO,                  )
                              )
                              )
              Defendant.      )
_____)
```

**ORDER DENYING DEFENDANT JAY PADAYAO'S MOTION FOR RELEASE ON BAIL (ECF NO. 96)**

Defendant Jay Padayao has filed a Motion for Release on Bail (ECF No. 96) from his term of imprisonment for violating the terms of his supervised release.  Defendant seeks release on bail pending the resolution of his claim under 28 U.S.C. § 2255 that his underlying term of imprisonment was unconstitutional.

Defendant claims that his term of imprisonment for violating supervised release should be reduced by the United States Bureau of Prisons based on a theory that the time he served for his underlying sentence should be credited to his current term of imprisonment for violations of supervised release.

Defendant's Motion for Release on Bail (ECF No. 96) is **DENIED.**

## BACKGROUND

On April 20, 2005, the grand jury returned an Indictment charging Defendant Jay Padayao of being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(e).  (ECF No. 4).

The Indictment stated that Defendant Padayao was subject to a sentencing enhancement pursuant to 18 U.S.C. § 924(e) of the Armed Career Criminal Act of 1984, for having been previously convicted of at least three prior violent felonies as defined in 18 U.S.C. § 924(e)(2)(B).

On February 16, 2006, Defendant pled guilty to the one count in the Indictment for being a felon in possession of a firearm. (ECF No. 44).  Defendant did not agree that he was subject to the sentence enhancement pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e).  (Transcript of Withdrawal of Not Guilty Plea at p. 16, ECF No. 76).

On July 13, 2006, Defendant filed a Motion for Downward Departure.  (ECF No. 53).

**Defendant's Presentence Report**

Defendant's Presentence Report determined that Defendant was not subject to sentence enhancement pursuant to the Armed Career Criminal Act.  (Presentence Report at ¶ 78).  The Government agreed that Defendant could not be convicted as an Armed Career

2

Criminal because Defendant's prior state convictions for Escape in the Second Degree no longer qualified as violent felonies pursuant to the Ninth Circuit Court of Appeals' decision in <u>United States v. Piccolo</u>, 441 F.3d 1084 (9th Cir. 2006). (Amended Government's Response to the Proposed Presentence Report, ECF No. 50; Addendum No. 2 to the Presentence Report, 1A).

**<u>Defendant's Sentencing Guidelines</u>**

The Presentence Report calculated Defendant's sentencing guidelines from a base offense of 24 pursuant to United States Sentencing Guideline § 2K2.1(a)(2). (Presentence Report at ¶ 24).

United States Sentencing Guideline 2K2.1(a)(2) (2005) provided:

> **§2K2.1.   <u>Unlawful Receipt, Possession or Transportation of Firearm or Ammunition: Prohibited Transactions Involving Firearms or Ammunition</u>**
>
> (a)  Base Offense Level (Apply the Greatest):
>
>   (2)  **24**, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense.

(U.S.S.G. § 2K2.1(a)(2) (2005)).

Commentary to Section 2K2.1 stated that "crime of violence" has the meaning given to that term in §4B1.2(a).

United States Sentencing Guideline 4B1.2(a) (2005) provided:

**§4B1.2.   Definitions of Terms Used in 4B1.1**

(a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that –

 (1) has an element the use, attempted use, or threatened use of physical force against the person of another, or

 (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk or physical injury to another.

(U.S.S.G. § 4B1.2(a) (2005)).

The Presentence Report determined that Defendant was subject to §2K1.1(a)(2) because Defendant had been convicted of two prior crimes of violence as defined in §4B1.2(a). (Presentence Report at ¶ 24). The Presentence Report stated "the defendant has been convicted of Burglary in the First Degree (Criminal No. CR 94-0252), and Assault in the First Degree (Criminal No. CR 94-2080), both crimes of violence. Therefore, the base offense level is 24 pursuant to U.S.S.G. §2K2.1(a)(2)." (Id.)

**Sentencing Hearing**

On September 28, 2006, Defendant's sentencing hearing was held. (ECF No. 63). The Court adopted the findings in the Presentence Report and determined that Defendant was not subject to sentencing enhancement pursuant to the Armed Career Criminal Act. (Presentence Report at ¶¶ 78-79, Transcript of Sentencing Hearing at pp. 20-21, ECF No. 70).

The Court agreed that Defendant's base offense level was 24 pursuant to United States Sentencing Guideline § 2K2.1(a)(2) as a result of Defendant's Burglary in the First Degree conviction and Assault in the First Degree conviction.  (Presentence Report at ¶ 24).  Defendant's guidelines were lowered by three points as a result of his acceptance of responsibility.  (Id. at ¶¶ 30-31).

Defendant's final advisory sentencing guidelines were calculated with a total offense level of 21 and a criminal history category of VI for a sentencing guideline range of 77 to 96 months.

Defendant was subject to a statutory mandatory maximum of ten years imprisonment.  18 U.S.C. § 924(a)(2).

The Court denied Defendant's Motion for Downward Departure. (ECF No. 63).

The Government moved for a term of imprisonment above the sentencing guideline range and requested the statutory maximum of 120 months.  (Government's Sentencing Statement, attached as Ex. 5 to Gov't Opp. at pp. 1-3, ECF No. 99-5).

Defendant was sentenced above his advisory sentencing guidelines to a term of 100 months imprisonment with a three-year term of supervised release.  (Judgment, ECF No. 64).

Defendant did not appeal his conviction or his sentence.

Following Defendant's sentencing, he was returned to custody of the State of Hawaii and was convicted in Hawaii state court

for two counts of Robbery in the Second Degree and one count of Burglary in the First Degree and sentenced to a term of imprisonment of ten years.  (Revocation of Supervised Release Statement of Facts at p. 4, ECF No. 84, attached as Ex. 8 to Gov't Opp., ECF No. 99-8).

On November 22, 2012, Defendant was paroled to the federal sentence.  (Id.)

**Defendant's Violations of the Terms of His Supervised Release**

On August 28, 2013, Defendant began his term of supervised release.  (Id.)

On March 2, 2015, the Probation Office filed a Request for Course of Action alleging that Defendant had violated the conditions of his Supervised Release as follows:

> 1. On 12/13/2013 and 2/6/2015, the offender failed to comply with drug testing that was part of the substance abuse treatment regimen, in violation of Special Condition No. 1.
>
> 2. The offender's admission that he used marijuana on or about 11/24/2014 and sometime prior to 12/25/2014; and the offender's admissions that he used methamphetamine in early January 2015, on or about 1/31/2015, and on or about 2/4/2015, in violation of General Condition and Standard Condition No. 7.
>
> 3. The offender's urine specimen submitted on 2/2/2015, tested positive for methamphetamine, in violation of the General Condition and Standard Condition No. 7.

>      4. On 2/2/2015, the offender failed to answer truthfully to an inquiry by the probation officer in violation of Standard Condition No. 3.

(Request for Course of Action at p. 2, ECF No. 84, attached as Ex. 8 to Gov't Opp., ECF No. 99-8).

On March 2, 2015, a Warrant for Arrest was issued and Defendant was arrested on October 22, 2015. (ECF No. 87).

On October 28, 2015, a probable cause hearing was held and Defendant agreed that there was probable cause for his arrest. (ECF No. 89).

On November 5, 2015, the Court held a hearing on an Order to Show Cause Why Supervised Release Should Not Be Revoked as to Defendant Jay Padayao. (ECF No. 91).

Defendant admitted to violations 1 through 4 as stated in the Request for Course of Action. (Id.)

The Court found that Defendant did violate the terms of his Supervised Release and sentenced Defendant to 10 months imprisonment followed by 26 months of Supervised Release. (Judgment on Revocation of Supervised Release, ECF No. 92).

Defendant seeks release on bail from his sentence for violating his supervised release pending the resolution of his Section 2255 Motion filed pursuant to the holding in Samuel James Johnson v. United States, 135 S.Ct. 2551 (2015). (Motion for Release on Bail, ECF No. 96).

## ANALYSIS

### I. The Court Does Not Have Authority to Grant Bail While Defendant Serves a Term of Imprisonment for Violating Supervised Release

Authority exists for federal district judges to grant bail pending a decision on a defendant's Section 2255 habeas corpus motion that seeks to vacate a sentence for which the defendant is presently serving.  United States v. Costa, 2016 WL 1555676 at *3 (D. Haw. Apr. 15, 2016) (citing Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985); Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001)); see United States v. Lee, 2016 WL 1039046 at *3 (D. Haw. Mar. 15, 2016).

Defendant Padayao has filed a Section 2255 Motion in this case, but his Section 2255 Motion does not seek to vacate his current term of imprisonment.

Defendant's Section 2255 Motion seeks to vacate the term of imprisonment for his underlying conviction for being a felon in possession of a firearm.  Defendant has already served that term of imprisonment.

Defendant's Motion for Bail seeks release from Defendant's current term of imprisonment for violating supervised release.  The Court does not have the authority to alter Defendant's sentence for violating the terms of his supervised release.  A court generally may not modify a prison sentence once it has been

imposed. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003). A court may modify a prison sentence only to the extent it is permitted by statute or by Federal Rule of Criminal Procedure 35. United States v. Ruiz-Alvarez, 211 F.3d 1181, 1183-84 (9th Cir. 2000). Defendant has not provided any basis for granting bail or for altering his current term of imprisonment for violating the terms of his supervised release.

Defendant has not cited a single case where a court in any jurisdiction has found that it may grant bail to a prisoner serving time for a violation of supervised release because his underlying sentence that he already served may be vacated pursuant to a pending Section 2255 Motion.

The authority to grant bail on a pending Section 2255 Motion has been limited to prisoners who are currently serving a sentence of imprisonment that is subject to vacatur by the Section 2255 Motion.

The authority to grant bail pending a decision on a Section 2255 Motion is limited and should be exercised sparingly. Cherek, 767 F.2d at 337; Mapp, 241 F.3d at 226. Defendant has not established that there is authority to grant bail in this instance given that he has already served his underlying sentence.

**II. Defendant Has Not Demonstrated that his Term of Supervised Release Should be Lowered by the Bureau of Prisons**

The basis for Defendant's Motion for Bail is that his Section 2255 Motion may lower the sentence he should have served for his underlying conviction. Defendant asserts that if he succeeds on his Section 2255 Motion the Bureau of Prisons should reduce his current term of imprisonment based on the time he over-served for his underlying sentence.

Defendant has not provided any persuasive authority to support his theory. To the contrary, Defendant acknowledges that a unanimous decision by the United States Supreme Court in <u>United States v. Roy Lee Johnson</u>, 529 U.S. 53 (2000) held that an over-served term of imprisonment does not reduce the time the defendant will serve on supervised release pursuant to 18 U.S.C. § 3624(e). (Def.'s Memo. in Support at p. 5, ECF No. 97).

In <u>Roy Lee Johnson</u> (2000)[1], the United States Supreme Court rejected the argument that a term of imprisonment could be credited toward supervised release, stating "[t]he objectives of supervised release would be unfulfilled if excess prison time were to offset and reduce terms of supervised release. Congress intended supervised release to assist individuals in their transition to community life...The Court of Appeals erred in treating respondent's time in prison as interchangeable with his

---

[1] The Court refers to the <u>United States v. Roy Lee Johnson</u>, 529 U.S. 53 (2000) as "<u>Roy Lee Johnson</u> (2000)" to avoid confusion with <u>Samuel James Johnson v. United States</u>, 135 S.Ct. 2551 (2015).

10

term of supervised release." Roy Lee Johnson (2000), 529 U.S. at 60.

Despite the holding in Roy Lee Johnson (2000), Defendant relies on a 1999 Policy Statement from the Federal Bureau of Prisons Computation Manual that states that "[i]nmates shall be given prior custody time credits for time spent in official detention regardless of whether such detention predated the conduct that led to the revocation" of supervised release. (Def.'s Memo. in Support at p. 5, ECF No. 97; Sentencing Computation Manual, Policy Statement 5880.28, Section I.3.c.(2) at pp. 37-38, dated July 20, 1999).

Defendant's argument relying on the 1999 Policy Manual has previously been rejected in this District. In United States v. Leach, the District Court found that the 1999 Policy Manual did not establish that the defendant would be subject to release based on his theory that he could "time bank" his over-served term of imprisonment to his term of imprisonment for violating supervised release. United States v. Leach, Cr. No. 05-00531 JMS-01, 2016 WL 2344197, *3 (D. Haw. May 3, 2016).

The District Court in Leach denied the defendant's motion for release on bail, citing the United States Supreme Court's decision in Roy Lee Johnson (2000) and United States v. Powell, 2015 WL 8957629, at *1 (D. Me. Dec. 15, 2015) (finding that a defendant is not entitled to credit his overserved time in

11

incarceration against his period of supervised release).  <u>Leach</u>, Cr. No. 05-00531 JMS-01, 2016 WL 2344197, at *3.

   Defendant's theory conflicts with the purpose of supervised release.  Under defendant's theory he could feel free to violate the terms of supervised release, expecting to avoid incarceration due to his prior time served, if the court revoked his supervised release.

   The Court agrees with the reasoning in <u>Leach</u> and finds that Defendant has not established a basis for granting bail in this instance.

## CONCLUSION

   Defendant's Motion for Release on Bail (ECF No. 96) is **DENIED**.

   IT IS SO ORDERED.

   DATED:   Honolulu, Hawaii, June 27, 2016.



_____
Helen Gillmor
United States District Judge

<u>United States of America v. Jay Padayao</u>, Criminal No. 05-00161 HG-01, Civil No. 16-00223 HG-KSC; **ORDER DENYING DEFENDANT JAY PADAYAO'S MOTION FOR RELEASE ON BAIL (ECF NO. 96)**